Cite as: 572 U. S. ____ (2014)	1

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

## ABDUL AL QADER AHMED HUSSAIN, PETITIONER *v.* BARACK H. OBAMA, PRESIDENT OF THE UNITED STATES, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 13–638.	Decided April 21, 2014

The petition for a writ of certiorari is denied.

Statement of JUSTICE BREYER respecting the denial of certiorari.

The Authorization for Use of Military Force (AUMF), passed in September 2001, empowers the President to "use all necessary and appropriate force against those nations, organizations, or persons he determines planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, or harbored such organizations or persons, in order to prevent any future acts of international terrorism against the United States by such nations, organizations or persons." §2(a), 115 Stat. 224. In *Hamdi* v. *Rumsfeld*, 542 U. S. 507 (2004), five Members of the Court agreed that the AUMF authorizes the President to detain enemy combatants. *Id.,* at 517–518 (plurality opinion); *id.,* at 587 (THOMAS, J., dissenting). In her opinion for a plurality of the Court*,* Justice O'Connor understood enemy combatants to include "an individual who . . . was part of or supporting forces hostile to the United States or coalition partners in Afghanistan and who engaged in an armed conflict against the United States there." *Id.,* at 516 (internal quotation marks omit-

ted).   She concluded that the "detention of individuals
falling into the *limited category we are considering, for the
duration of the particular conflict in which they were
captured,"* is "an exercise of the 'necessary and appropriate
force'" that Congress authorized under the AUMF.  *Id.,* at
518 (emphasis added).  She explained, however, that the
President's power to detain under the AUMF may be
different when the "practical circumstances" of the rele-
vant conflict are "entirely unlike those of the conflicts that
informed the development of the law of war."  *Id.,* at 521.

In this case, the District Court concluded, and the Court
of Appeals agreed, that petitioner Abdul Al Qader Ahmed
Hussain could be detained under the AUMF because he
was "part of al-Qaeda *or* the Taliban at the time of his
apprehension."   821 F. Supp. 2d 67, 76–79 (DDC 2011)
(internal  quotation  marks  omitted;  emphasis  added);
accord, 718 F. 3d 964, 966–967 (CADC 2013).  But even
assuming this is correct, in either case—that is, irrespec-
tive of whether Hussain was part of al Qaeda *or* the Tali-
ban—it is possible that Hussain was not an "individual
who . . . was part of or supporting forces hostile to the
United States or coalition partners *in Afghanistan* and
*who engaged in an armed conflict against the United
States there."*  542 U. S., at 516 (emphasis added).

The Court has not directly addressed whether the
AUMF authorizes, and the Constitution permits, deten-
tion on the basis that an individual was part of al Qaeda,
or part of the Taliban, but was not "engaged in an armed
conflict against the United States" in Afghanistan prior to
his capture.  Nor have we considered whether, assuming
detention on these bases is permissible, either the AUMF
or the Constitution limits the duration of detention.

The circumstances of Hussain's detention may involve
these unanswered questions, but his petition does not ask
us to answer them.  See Pet. for Cert. i.  Therefore, I agree
with the Court's decision to deny certiorari.